**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **ZHILIN LIU,**<br>Plaintiff,<br>v.<br>**MARCO A. RUBIO *et al.*,**<br>Defendants. | Case No. 25-cv-4465 (CRC) |

**OPINION**

Zhilin Liu, a Chinese citizen, applied for an F-1 nonimmigrant visa. Following an interview by a consular officer in June 2025, Mr. Liu's application was first "refused" and then placed into "administrative processing" for further review. Nearly six months later, the State Department had yet to provide any substantive updates. So Liu, proceeding *pro se*, filed this lawsuit to compel a determination. The government moves to dismiss. Because Liu fails to identify a discrete action that the agency must take, the Court will grant the government's motion and dismiss this case.

## I. Background

The Court draws the following background from the allegations in the complaint and attached exhibits. See Khodorkovskaya v. Gay, 5 F.4th 80, 84 (D.C. Cir. 2021).

Mr. Liu is a Chinese citizen and PhD student in aeronautics and astronautics at Stanford University. See Compl., Dkt. 1 ¶ 4. On May 24, 2025, he filed a DS-160 application to renew his F-1 nonimmigrant visa. Id. ¶ 9. An F-1 visa allows foreigners to enter the United States as full-time students at accredited colleges or universities. See *Students and Employment*, USCIS, https://www.uscis.gov/working-in-the-united-states/students-and-exchange-visitors/students-and-

employment (last visited Nov. 4, 2026); Stetsiuk v. Mesquita, No. 24-cv-62 (CRC), 2025 WL 405408, at *1 (D.D.C. Feb. 5, 2024) (discussing F-1 visas).

On June 25, 2025, Liu attended an interview at the U.S. Consulate General in Vancouver, Canada. Id. ¶ 9. After the interview that same day, the Consulate notified Liu that his application had been refused and placed in administrative processing under § 221(g) of the Immigration and Nationality Act ("INA"). Dkt. 1-2 at 13; see Compl. ¶ 10. The Consulate explained that the case "requires further administrative processing" to determine visa eligibility, invited Liu to submit additional documentation, and cautioned that the Consulate "cannot estimate how long this administrative processing will take to complete." Dkt. 1-2 at 13. The Consulate also noted that "the case will be in 'REFUSED' status while your case is pending." Dkt. 1-2 at 13. Liu submitted the requested documents the same day, and the Consulate confirmed receipt the following week. See Dkt. 1-2 at 20–21. Since then, Mr. Liu's application has remained in administrative processing with no estimated completion date and no further substantive updates. See Compl. ¶ 10.

In December 2025, almost six months after the visa application was refused, Liu sued Secretary of State Marco Rubio, Vancouver Consul General Shawn Crowley, and an unnamed consular officer at the Consulate General in Vancouver in their official capacities.[1] See id. ¶ 20; Reply at 1. The complaint, filed *pro se* and styled a "petition for writ of mandamus," asserts that Defendants have unlawfully delayed the processing of Liu's visa application in violation of the Administrative Procedure Act ("APA") (5 U.S.C. §§ 555(b) and 706(1)), the INA § 221 (8

[1] Liu also sued the U.S. Department of State. "[I]t is duplicative to name both a government entity and the entity's employees in their official capacity as defendants to an action[.]" Lesesne v. Doe, 65 F. Supp. 3d 1, 5 (D.D.C. 2014) (internal quotation marks and citation omitted). Because the Court will dismiss the action on other grounds, it need not address any redundancy.

U.S.C. § 1201(g)), and the Immigration Services and Infrastructure Improvements Act of 2000 ("ISIIA") (8 U.S.C. § 1571(b)). See Compl. ¶¶ 14–15. The delay has jeopardized Liu's studies at Stanford, he says, causing financial instability and emotional distress. Id. ¶¶ 11–12. Liu requests that the Court issue a writ of mandamus under 28 U.S.C. § 1361 compelling Defendants to adjudicate the visa application within 14 days or as soon as practicable and declare that Defendants' delay in processing the application violates the APA, INA, and ISIIA. Compl. ¶ 20.

Defendants move to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and failure to state a claim under Rule 12(b)(6). See Mot. to Dismiss ("MTD"), Dkt. 10 at 1. Liu opposes. See Resp., Dkt. 11.

## II. Legal Standards

When analyzing a motion to dismiss under Rule 12(b)(1) or 12(b)(6), a court "must treat the complaint's factual allegations as true and must grant plaintiff the benefit of all inferences that can be derived from the facts alleged." Giliana v. Blinken, 596 F. Supp. 3d 13, 17 (D.D.C. 2022) (quoting Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000)). However, a court need not accept as true a plaintiff's inferences if unsupported by the allegations or the plaintiff's legal conclusions. See Owens v. BNP Paribas, S.A., 897 F.3d 266, 272 (D.C. Cir. 2018). Under Rule 12(b)(1), the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. See Lujan v. Defs. of Wildlife, 504 U.S. 555, 561 (1992). Under Rule 12(b)(6), the complaint "must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 547 (2007)). In addition to the allegations within the four corners of the complaint, a court may consider "documents attached thereto or incorporated therein, and matters of which it may take judicial notice." Jingjing Liu v.

Mayorkas, No. 20-cv-654 (CRC), 2021 WL 2115209, at *2 (D.D.C. May 25, 2021) (quoting Stewart v. Nat'l Educ. Ass'n, 471 F.3d 169, 173 (D.C. Cir. 2006)).

The Court "is mindful of its obligation to construe a *pro se* litigant's complaint liberally," but the Court cannot "act as an advocate for the plaintiff and construct legal arguments on [his] behalf in order to counter those in the motion to dismiss[.]" Smith v. Reynolds & Assocs., Inc., No. 1:23-cv-1582 (RC), 2024 WL 2273589, at *3 (D.D.C. Mar. 3, 2024) (citations omitted).

## III. Analysis

The government advances three arguments in support of dismissal: (1) it has no discrete duty to further adjudicate Liu's visa after refusing it and placing it into administrative processing, (2) the consular nonreviewability doctrine bars judicial review of any delay, and (3) the delay here is not unreasonable. See MTD at 4, 9, 12. The Court accepts the first argument and therefore need not reach the second or third.

"[I]n cases challenging agency delay, 'the standards for obtaining relief' under the Mandamus Act and the APA are 'essentially the same.'" Al-Gharawy v. DHS, 617 F. Supp. 3d 1, 17 (D.D.C. 2022) (quoting Vietnam Veterans of Am. v. Shinseki, 599 F.3d 654, 659 n.6 (D.C. Cir. 2010)). Both "authorize federal courts to compel an agency to act when the agency has violated 'a clear duty to act.'" Vahida v. Namdar, No. 26-cv-1674 (RDM), 2026 WL 3083729, at *3 (D.D.C. Oct. 15, 2026) (quoting In re Core Commc'ns, Inc., 531 F.3d 849, 855 (D.C. Cir. 2008)); see Da Costa v. Immigr. Inv. Program Off., 80 F.4th 330, 340 (D.C. Cir. 2023) ("To state a claim for unreasonable delay, Plaintiffs must first allege that the agency failed to take a discrete agency action that it is required to take." (citation and internal quotation marks omitted)). To the extent Liu raises separate claims under the APA and Mandamus Act, the Court will address both

claims together. See Akrayi v. U.S. Dep't of State, No. 22-cv-1289 (CRC), 2023 WL 2424600 (D.D.C. Mar. 9, 2023) (adopting the same approach).

The government argues that there is no discrete agency action required of a consular officer after refusing a visa application. See MTD at 4–8. It relies on the D.C. Circuit's unpublished opinion in Karimova v. Abate, No. 23-cv-5178, 2024 WL 3517852 (D.C. Cir. July 24, 2024). There, a unanimous panel of the Circuit affirmed a dismissal of a visa-delay claim on the ground that the plaintiff had failed to show a legal duty that the defendants were required to perform. See 2024 WL 3517852 at *3. The Circuit reasoned that, under applicable State Department regulations, once the visa application was refused and placed into administrative processing, the "matter" was "conclude[d.]" Id. at *4. There was thus no non-discretionary duty under the APA to further adjudicate the rejected visa application. Id. at *3.

The facts of this case mirror those in Karimova, "so a straightforward application of that case would defeat [Liu]'s claim that APA § 555(b) imposes a further duty to act on a refused application in administrative processing." Javaid v. Armstrong, No. 24-cv-2716 (CRC), 2025 WL 2144100, at *2 (D.D.C. July 29, 2025). Liu does not cite Karimova, let alone argue why the case should not apply. Like many other courts in this District, this Court will follow Karimova, since "the opinion represents the considered and unanimous judgment of a D.C. Circuit panel." Doroodchi v. Rubio, No. 24-cv-3170 (CRC), 2025 WL 1865114, at *4 (D.D.C. July 7, 2025) (following Karimova); Rouhigilavan v. Rubio, No. 24-cv-02255 (GMH), 2026 WL 2333096, at *4 n.4 (D.D.C. Aug. 12, 2026) (collecting cases applying Karimova).[2] The Court thus concludes that the APA creates no non-discretionary duty to act on Liu's "refused" application.

[2] The Court nonetheless reiterates its concern about the "considerable tension" between Karimova's "interpretation of the regulations and how the visa-review process plays out in real life." Rahiminejad v. Rubio, No. 24-cv-3495 (CRC), 2025 WL 2144092, at *2 (D.D.C. July 29,

Liu offers no other authority establishing a non-discretionary duty to act.[3] His complaint cites the ISSIIA, which provides: "It is the sense of Congress that the processing of an immigration benefit application should be completed not later than 180 days after the initial filing of the application[.]" 8 U.S.C. § 1571(b). But as Liu recognizes, this provision "is not a binding mandate[.]" Compl. ¶ 15; see Abdulla v. Fagin, No. 25-cv-3130 (LLA), 2026 WL 2824600, at *9 (D.D.C. Sep. 21, 2026) (recognizing same) (citing Da Costa, 80 F.4th at 344); Doroodchi, 2025 WL 1865114, at *4 (same).

Because Liu has not identified a discrete agency action that the government is required to take, he has failed to state a claim upon which relief can be granted.[4] Accordingly, the Court will dismiss his complaint.

---

2025). Here, for example, Liu was told that his visa application had been "refused," yet in the very same paragraph he was also told that his "case requires further administrative processing." Dkt. 1-2 at 13. Liu was then informed that his case would be labeled "REFUSED," yet also deemed "pending," and he would be contacted "when the administrative processing is complete." Dkt. 1-2 at 13. The Court once again expresses its frustration with the agency's double-speak and misdirection. See Rahiminejad, 2025 WL 2144092, at *2; Javaid, 2025 WL 2144100, at *2; Doroodchi, 2025 WL 1865114, at *4. Ultimately, though, the Court lacks authority to address it. See Seifan v. Sweeney, No. 25-cv-261 (RC), 2025 WL 2171093, at *6 (D.D.C. July 31, 2025) (criticizing the "statutory gap" but concluding "that is not a problem the Court is empowered to solve"); Ibrahim v. Spera, No. 23-cv-03563, 2024 WL 4103702, at *3 n.2 (D.D.C. Sep. 6, 2024) (following Karimova while calling attention to the practical reality facing visa applicants).

[3] In his complaint, Liu contends that "[c]ase law supports relief for such delays." Compl. ¶ 17. He then cites four purported federal district court decisions. See id. The Court is unsure whether all the cases exist. The Westlaw electronic report for one case seems to have been miscited, and the Court is unable to locate two others. Citations to sources that appear not to exist frustrate the Court's ability to determine the truthfulness of a filing and undermine a litigant's credibility. See Hodges v. McGough Enters. LLC, No. 23-cv-5016, 2026 WL 1470246, at *3 (S.D.N.Y. May 26, 2026) ("[I]t is no more acceptable for a *pro se* litigant to submit briefs with fake case citations than it is for a lawyer to do so." (internal quotation marks and citation omitted)).

[4] Even if Liu had identified a nondiscretionary duty to act, the Court would nonetheless conclude that, on the merits, the delay here is not unreasonable. True, some of the factors from Telecommunications Research and Action Center v. FCC, 750 F.2d 70 (D.C. Cir. 1984) favor Plaintiff, who alleges that the delay has upended his academic and career plans. See Babaei v.

A separate Order will accompany this Opinion.

CHRISTOPHER R. COOPER
United States District Judge

Date: November 4, 2026

U.S. Dep't of State, 725 F. Supp. 3d 20, 32 (D.D.C. 2024). But Liu does not allege bad faith, nor does the Court see any. See id. And, most importantly, the delay here does not rise to the level of unreasonableness, even viewing that delay on "the longest possible timeline." Varghese v. Blinken, 2022 WL 3016741, at *5 (D.D.C. July 29, 2022) (finding a four-year delay not unreasonable); see Asadi v. U.S. Dep't of State, No. 23-cv-1953 (RC), 2024 WL 3835409, at *7 (D.D.C. Aug. 15, 2024) ("District courts have generally found that immigration delays in excess of five, six, seven years are unreasonable. Conversely, courts in this jurisdiction have typically concluded that delays of two or three years are not unreasonable." (internal citation and quotation marks omitted)).